UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>    v.<br><br>NGUYEN NHAT LE,<br><br>  Defendant. | CASE NO.   CR06-319JLR<br><br>DETENTION ORDER |

Offense charged:

   Count I:   Conspiracy to Distribute Marijuana, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), and 846.

Date of Detention Hearing: October 2, 2006.

   The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Assistant United States Attorney ("AUSA") Douglas Whalley for AUSA Yee-Ting Woo. The defendant was represented by Michael Nance.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons:  Using the factors below, under Title 18 § 3142 (g), the Court considered the following:  (a) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (b) the weight of the evidence; (c) the history and characteristics of the person, including one's character, family ties, employment, financial resources, length of residence in the community,  past conduct, criminal history, and record concerning appearance at court proceedings; and (d) risk of danger to the community.

(3) The instant offense is a conspiracy drug distribution of marijuana originating in Canada and smuggled to Washington for transport to other states.  There is substantial evidence connecting this defendant, Nguyen Nhat Le, with the transportation of marijuana from the Canadian border and its delivery to Quoc Le, the leader of the distribution network, including the use of a tracking device on the defendant's car and surveillance of the co-defendant's telephone conversations referring to this defendant's transport of the Canadian marijuana to Seattle.

(4) The additional offense with which the defendant is not charged but which is relevant to understanding the nature of the offense involves the

      laundering of large sums of cash obtained as drug proceeds. The Government continues to investigate additional locations of these drug proceeds, finding sums of cash available to the co-defendants and this defendant which may be used to facilitate flight. The Government has argued that a co-defendant in this marijuana distribution organization reportedly fled to Vietnam to avoid prosecution.

(5) Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

//
//
//
//

DETENTION ORDER
PAGE -3-

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 2nd day of October, 2006.

	Monica J. Benton
	U.S. Magistrate Judge

DETENTION ORDER
PAGE -4-